UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN A. JOHNSON,

        Petitioner,

                              CASE NO. 15-10889

v.

                              PAUL D. BORMAN
WARDEN, UNITED STATES        UNITED STATES DISTRICT JUDGE
PENITENTIARY, ATWATER,

        Respondent.
_____/

## ORDER SUMMARILY DISMISSING THE HABEAS PETITION

### I. Introduction

This matter has come before the Court on petitioner Steven A. Johnson's *pro se* habeas corpus petition under 28 U.S.C. § 2241. Petitioner is a federal inmate at the United States Penitentiary in Atwater, California. His habeas petition appears to challenge a federal conviction obtained in this District. His grounds for relief appear to allege that: (1) the only felony in his criminal history may, in fact, be a misdemeanor; (2) his right to confront his accuser was violated by the use of a 911 tape; (3) presenting one "dead bang" winner can justify reversal of a conviction; (4) "arguing successfully an objection;" (5) a witness committed perjury; and (6) conflicting statements were made. Petitioner seeks to have the Court vacate his sentence.

### II. Discussion

Upon receipt of a habeas petition, a federal court must "promptly examine [the] petition to determine 'if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief.' " *Crump v. Lafler*, 657 F.3d 393, 396 n.2 (6th Cir. 2011) (quoting Rule 4 of the Rules Governing Section 2254 Cases in the United States District

Courts).¹  "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face . . . ."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *see also Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (stating that Rule 4 allows the summary dismissal of a petition if it plainly appears that the petitioner is not entitled to relief).

Petitioner's pleading is legally insufficient on its face because the Court has no jurisdiction over the respondent.  "[T]he proper respondent to a habeas petition is 'the person who has custody over [the petitioner],'" that is, "the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official."  *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004).  Thus, "for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district:  the district of confinement."  *Id.* at 443; *see also* 28 U.S.C. § 2241(a) (stating that "[w]rits of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions").  Because Petitioner is incarcerated in California, this Court has no jurisdiction over the respondent.

Furthermore, the primary mechanism for federal prisoners challenging the legality of their sentences is a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255.  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).  "The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."  *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999).  Only if "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention," may a prisoner challenge the legality of his detention under § 2241.  28 U.S.C. § 2255(e).  This "savings clause" applies

---

¹ Under Rule 1(b) of the Rules Governing Section 2254 Cases, a district court may apply the rules to a habeas corpus petition that was not filed under § 2254.

"where the petitioner also demonstrates 'actual innocence.' " *Wooten v. Cauley*, 677 F.3d 303, 307 (6th Cir. 2012).

Petitioner is not claiming to be innocent of the federal crimes for which he is incarcerated. And even though he alleges that the deadline for filing a motion to vacate sentence under § 2255 has expired through no fault of his own, "the § 2255 remedy is not considered inadequate or ineffective simply because . . . the petitioner is procedurally barred from pursuing relief under § 2255 . . . ." *Charles*, 180 F.3d at 756.

### III. Conclusion

The Court has no jurisdiction over Petitioner's warden, and "[b]ecause Petitioner has not proven his 'actual innocence,' he does not fall within the savings clause of § 2255. This Court does not have jurisdiction to grant him § 2241 habeas relief." *Wooten*, 677 F.3d at 311. The habeas corpus petition, therefore, is summarily dismissed without prejudice.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: April 21, 2015

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 21, 2015.

s/Deborah Tofil  
Case Manager

3