UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN A. JOHNSON,

        Petitioner,

                                      CASE NO. 15-10889

v.

                                      PAUL D. BORMAN
WARDEN, UNITED STATES           UNITED STATES DISTRICT JUDGE
PENITENTIARY, ATWATER,

        Respondent.
_____/

## ORDER DENYING PETITIONER'S LETTER REQUESTS (ECF NOS. 10-12)

On March 9, 2015, this matter came before the Court on petitioner Steven A.

Johnson's *pro se* habeas corpus petition under 28 U.S.C. § 2241. Petitioner is a federal

inmate at the United States Penitentiary in Atwater, California, but his habeas petition

appeared to challenge a federal conviction and sentence obtained in this District. On

April 21, 2015, the Court summarily dismissed the petition because the Court had no

jurisdiction over the respondent and because Petitioner failed to show that a motion to

vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 was an inadequate or

ineffective remedy for challenging his sentence.

Currently pending before the Court are three letters that Petitioner has written to

the Court. In his first letter (ECF No. 10, filed on April 21, 2015), Petitioner states that

he is filing a § 2241 motion in California regarding the conditions of his confinement.

He asks the Court to coordinate this case with his case in California and to appoint counsel for him.

In his second letter (ECF No. 11, filed on April 28, 2015), Petitioner states that he filed another habeas corpus petition, which was assigned to a different judge in this district and dismissed as duplicative.  Petitioner  indicates in his letter that he wants to substitute the United States as the respondent, and he asks the Court once again to coordinate this case with his California case.

In his third letter (ECF No. 12, filed on June 22, 2015), Petitioner states that he filed two habeas corpus petitions by mistake.  He seeks to have the Court transfer his case in the interest of justice.

This case is closed.  Consequently, Petitioner's requests for appointment of counsel, to substitute the United States as the respondent, to transfer this case elsewhere, and to coordinate the disposition of this case with another court are denied as moot.  The Court notes, moreover, that there is no constitutional right to appointment of counsel in a habeas case, *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005), and that the proper respondent in a habeas case brought under § 2241 is not the United States, but the warden of the facility where the prisoner is being held, *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).  Accordingly, Petitioner's letter requests (ECF Nos. 10-12) are denied.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2015

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 24, 2015.

s/Deborah Tofil
Deborah Tofil
Case Manager (313) 234-5122